# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

LEVI MALLOY,

                                        Petitioner,

          v.                                                    9:19-CV-988
                                                                (GTS/ATB)

M. ROYCE, Superintendent,

                                        Respondent.

LEVI MALLOY, Petitioner, pro se
LISA E. FLEISCHMANN, AAG, for Respondent

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the

Honorable Glenn T. Suddaby, Chief United States District Judge, pursuant to 28 U.S.C.

§ 636(b) and N.D.N.Y. Local Rule 72.3(c).

Petitioner, currently incarcerated at Green Haven Correctional Facility ("Green

Haven"), filed this petition pursuant to 28 U.S.C. § 2254, challenging a 2014 judgment

of conviction rendered after a jury found him guilty of Criminal Possession of a

Weapon in the Second Degree in Albany County Court. (Dkt. No. 2, Petition ("Pet.") at

1).[1] Petitioner was sentenced to fifteen years of imprisonment, with five years of post-

release supervision. The Appellate Division, Third Department unanimously affirmed

his conviction, and the New York Court of Appeals denied leave to appeal. *People v.*

_____

[1]The citations for the Petition and Respondent's Memorandum of Law refer to the pagination
generated by the court's electronic filing system ("CM/ECF"). Citations to the State Court Record
("SR"), Suppression Hearing ("SH"), *Sandoval/Ventimiglia* Hearing ("SVH"), and the Trial Transcript
("TT") refer to their original pagination.

*Malloy*, 152 A.D. 3d 968 (3d Dep't 2017), *lv. denied*, 30 N.Y.3d 981 (2017).

Petitioner raises the following claims for this court's review:

1.    Petitioner is entitled to specific performance of an off-the-record plea deal offered by the prosecution.

2.    Petitioner's arrest was predicated on an illegal traffic stop, in violation of his Fourth Amendment rights.

3.    Petitioner was deprived adequate notice of the New York Vehicle and Traffic Law which constituted the basis of the pretextual traffic stop.

4.    Petitioner received ineffective assistance of counsel.

5.    The prosecutor withheld evidence in violation of *People v. Rosario,* 9 N.Y.2d 286 (1961) and *Brady v. Maryland*, 373 U.S. 83 (1963).

6.    The admission of certain evidence deprived petitioner of his right to a fair trial.

(Pet. at 4-6).  Respondent has filed an answer to the petition, together with the pertinent state court records and a memorandum of law. (Dkt. Nos. 18, 19).  For the following reasons, this court agrees with respondent and will recommend dismissal of the petition.

## DISCUSSION

## I.    <u>Relevant Facts</u>

Respondent has included a detailed description of the facts and procedural history of this case.  (Dkt. No. 18-1 at 4-10).  The court will summarize and supplement the facts as necessary for clarity and to discuss the grounds raised by petitioner.

### A.     Traffic Stop and Arrest

On October 25, 2013, Albany Police Officer Amy Forgea observed a minivan make an illegal "right on red" turn at the intersection of Morton Avenue and Delaware Avenue in Albany, NY.  (TT 122-24, 146).  Based on her observation, Officer Forgea stopped the vehicle in the parking lot of a nearby supermarket.  (TT 124-25).  When Officer Forgea approached the vehicle, she smelled an odor of marijuana and observed marijuana cigarettes inside.  (TT 126).  Petitioner was the driver and sole occupant. (TT 127).  Upon inquiry, petitioner confirmed that there were marijuana "roaches" in the vehicle.  (*Id.*).  By this time, other police officers had arrived to assist Officer Forgea with the stop, and petitioner was removed from the vehicle.  (TT 126-28).  The officers proceeded to search petitioner's vehicle and recovered a "Dickson Detective .25 caliber handgun" from the floor, between the driver and passenger's seats.  (TT 134).  Petitioner was arrested and taken into custody.  (TT 142).

### B.     Pre-Trial

Petitioner was indicted on one charge of Criminal Possession of a Weapon in the Second Degree.  (SR 97).  On January 17, 2014, the court entertained petitioner's bail application.  (SR 293-96).  During the proceeding, petitioner declared that his attorney, public defender Molly Rhodes, was not acting in his best interest, based on her failure to (1) complete a bail application at his arraignment, (2) enforce a plea deal previously offered by the government and relied on by petitioner's family in surrendering various

illegal firearms to law enforcement, and (3) provide petitioner with a supporting deposition relative to the underlying traffic infraction. (*Id.*). Petitioner returned to court on January 21, 2014, at which time the court relieved Ms. Rhodes as counsel and appointed Alternate Public Defender Joseph Meany to represent petitioner. (SR 297-300).

Plaintiff filed a pro se application for writ of habeas corpus in the trial court on or about February 3, 2014, contesting his bail as unreasonable and excessive. (SR 301-03). At the appearance on the writ, petitioner argued that the prosecutor failed to uphold his end of an off-the-record plea agreement that, in return for petitioner's surrender of three illegal firearms, bail would be set at $10,000, and petitioner would serve a one year sentence. (SR 310). The court denied petitioner's writ. (SR 313-14).

On February 4, 2014, on the record, the court relayed a plea offer to petitioner. Petitioner was offered a three to seven year term of imprisonment, plus five years of post-release supervision, in return for a plea to the reduced charge of Attempted Criminal Possession of a Weapon in the Second Degree. (SR 315-17). Petitioner rejected the offer. (*Id.*).

At a proceeding held on March 6, 2014, petitioner stated that his current attorney, Mr. Meany, was not adequately representing petitioner's best interests, and requested an adjournment in order to retain new counsel. (SR 318-22). Petitioner appeared on March 13, 2014 with newly retained attorney Michael Mansion. (SR 323-25).

A suppression hearing was held on March 13, 2014, at which the court denied petitioner's requests to suppress (1) petitioner's statements regarding the presence of marijuana in his vehicle, and (2) the firearm found in petitioner's vehicle. (SH 1-42).

At a subsequent hearing on June 18, 2014, the court ruled that several, but not all, of petitioner's prior felony convictions were admissible at trial, as they bore directly on petitioner's credibility. (SVH 1-18). During the same appearance, petitioner raised a handful of complaints regarding other evidentiary issues, as well as the adequacy of Mr. Mansion's representation. (*Id.*). The court asked petitioner whether or not he would appear at sidebar conferences during the trial. (SVH 16-17). Petitioner reserved his decision on this issue. (*Id.*).

### C.    Trial and Sentencing

Petitioner had a two day jury trial before Albany County Supreme Court Justice Thomas A. Breslin, commencing on June 30, 2014. (TT 805). Prior to jury selection, the parties advised the court that law enforcement radio transmissions relative to petitioner's traffic stop no longer existed. (TT 6). It was also determined that a supporting deposition of petitioner's traffic ticket was unavailable. (TT 7). Mr. Mansion requested an adverse inference jury instruction based on the unavailability of this evidence. (*Id.*). At the request of the petitioner, Mr. Mansion also asked that Judge Breslin recuse himself based on a "threat . . . made to [petitioner] that if he were to proceed to trial and be unsuccessful that there would be the possibility of [a life

5

sentence] if he were deemed to be a persistent felon[.]"  (TT 7-8).  Judge Breslin

reserved on deciding petitioner's request for a jury instruction, and denied him motion

to  recuse.  (TT  8-9).

    The prosecutor presented five witnesses during the trial.  (TT 122-246).

Petitioner did not testify on his own behalf, however the transcript from his February 6,

2014 appearance on his petition for habeas corpus was admitted as evidence.  (TT 121-

22).  During the February 6th appearance, despite repeated warnings from his attorney to

stop testifying about the facts of his case, petitioner admitted that the subject firearm

was in his vehicle at the time of the traffic stop.  (SR 311).

    On July 1, 2014, the jury found petitioner guilty of Criminal Possession of a

Weapon in the Second Degree.  (TT 300-02).  On September 3, 2014, the parties

appeared for post-trial motions and sentencing.  (SR 371).  Petitioner's requests were

denied, including his motion to set aside the verdict based on his exclusion from side-

bar conferences which were conducted throughout the trial.  (SR 368, 373-75).  Despite

petitioner having the "longest criminal history [the court had] ever witnessed," Judge

Breslin declined to treat petitioner as a persistent felony offender.  (SR 383).  The court

imposed a determinate sentence of 15 years with a 5 year period of post-release

supervision.

### D.    Pre-Appeal CPL § 440.10 Motion

With the assistance of new counsel, petitioner moved to vacate his conviction

pursuant to CPL § 440.10.  Specifically, petitioner sought an order enforcing the

prosecutor's alleged off-the-record plea offer.  Alternatively, petitioner sought a

hearing to resolve whether such an offer had been made.  (SR 1-28).  On February 29,

2016, Judge Breslin denied petitioner's motion.  (SR 46-52).  Petitioner's appeal from

this decision was consolidated with his direct appeal.

### E.    Direct Appeal

Through counsel, petitioner filed an appeal with the Third Department Appellate

Division. (SR 54-83).  Petitioner also filed a pro se supplemental brief.  (SR 427-59).

On July 20, 2017, the Appellate Division unanimously affirmed petitioner's conviction,

as well as the order denying section 440.10 relief.  *People v. Malloy*, 152 A.D.3d 968

(3d Dep't 2017).  First, the court determined that petitioner waived his right to be

present at sidebar conferences.  *Id.* at 969-70.  Then, the court rejected petitioner's

ineffective assistance of counsel claim.  The Appellate Division noted that petitioner

was represented by three separate attorneys from the time he was arraigned through

trial.  *Id.* at 970.  Despite petitioner's ongoing complaint that his various attorneys were

not working in his best interests, the Appellate Division found that petitioner received

meaningful representation at trial, and his arguments amounted to "nothing more than a

generalized dissatisfaction that certain rulings did not pan out in his favor[.]" *Id.* at 971.

The Appellate Division further found "no merit to defendant's claim that the sentence

imposed was harsh and excessive."  *Id.*  In fact, the court found this argument belied by

the fact that the trial court, in an exercise of discretion, elected to sentence petitioner as a second felony offender instead of as a persistent felony offender. *Id.*

The Appellate Division went on to reject the appeal of petitioner's CPL § 440.10 motion. The court noted that "the alleged off-the-record misdemeanor plea deal . . . is flatly contradicted by the on-the-record plea offers extended in February 2014 and on the morning of trial." *Id.* at 972. The court also pointed out that "nothing in the record reflects that the purported off-the-record agreement ever received judicial approval." *Id.* Last, the court concurred with Judge Breslin's conclusion that petitioner was not placed in a position of "no return" by virtue of the alleged off-the-record offer. *Id.* Thus, the Appellate Division determined that the trial court did not abuse its discretion in denying petitioner's CPL § 440.10 motion without a hearing. *Id.* The Appellate Division summarily denied petitioner's remaining contentions on appeal. *Id.*

Plaintiff, represented by the same appellate counsel, applied for leave to appeal to the New York Court of Appeals. (SR 486-504). On October 2, 2017, the Court of Appeals denied leave to appeal. (SR 505).

## F.     Pro Se Post-Appeal Motions

On February 27, 2018, petitioner filed a CPL § 440.20 motion to set aside his sentence, arguing that his post-release supervision was unlawful, and the recision of his right to vote should only apply during his incarceration. (SR 506-13). The court denied petitioner's motion on March 20, 2018, finding his sentence lawful. (SR 514-

19).

On the same date, petitioner filed a CPL § 440.10 motion to vacate his judgment of conviction. (SR 520-82). Petitioner argued that one of the prosecutor's witnesses was not qualified to give expert testimony at trial. (*Id.*). The court denied this motion as well. (SR 583-86).

### G.    Pro Se Coram Nobis Motion

On May 7, 2018, petitioner filed a coram nobis motion, arguing the ineffective assistance of his appellate counsel. (SR 587-701). The Appellate Division denied the motion on June 28, 2018. (SR 707). Petitioner sought leave to appeal to the Court of Appeals on July 6, 2018. (SR 708-13). The court denied leave on September 12, 2018. (SR 714).

## II.    <u>Generally Applicable Law</u>

### A.    Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

The AEDPA provides that, when a state court has adjudicated the merits of a petitioner's constitutional claim, a federal court may grant an application for a writ of habeas corpus only if "the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also, e.g., Noble v.*

*Kelly*, 246 F.3d 93, 98 (2d Cir. 2001); *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008).  This is a "difficult to meet," and "highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted).

To determine whether a state-court decision is contrary to clearly established Supreme Court precedent, the federal court must consider whether the state court decision "'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Id*. at 182  (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)) (alterations in original).  A state court decision involves an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal principle, but unreasonably applies or unreasonably refuses to extend that principle to the facts of a particular case.  *See Williams*, 529 U.S. at 413; *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000).

Under the AEDPA, a state court's factual findings are presumed correct, unless that presumption is rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  If the state court failed to decide a claim "on the merits," the pre-AEDPA standard of review applies, and both questions of law and mixed questions of law and fact are reviewed *de novo.  Washington v. Shriver*, 255 F.3d 45, 55 (2d Cir. 2001).  Finally, the Supreme Court has held that circuit and district court decisions do not constitute "clearly established Federal Law, as determined by the Supreme Court."  *Parker v.*

10

*Matthews*, 567 U.S. 37, 40 (2012).  Instead, circuit court decisions may illustrate the "possibility" of fairminded disagreement, sufficient to justify denying the writ.  *White v. Woodall*, 572 U.S. 415, 422 n.3 (2014).

## B.    Exhaustion

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation and other citations omitted)); 28 U.S.C. § 2254(b)(1). The prisoner must "fairly present" his claim in each appropriate state court, including the highest court with powers of discretionary review, thereby alerting that court to the federal nature of the claim.  *Id.*; *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994).

"A habeas petitioner has a number of ways to fairly present a claim in state court without citing 'chapter and verse' of the Constitution, including '(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.'" *Hernandez v. Conway*, 485 F. Supp. 2d 266, 273 (W.D.N.Y. 2007) (quoting *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir.1982)).

Where a petitioner has failed to exhaust his claims, but he cannot return to state court, petitioner's claims are then "deemed" exhausted, but barred by procedural default. *Bossett v. Walker*, 41 F.3d 825, 828-29 (2d Cir.1994). The merits of such a procedurally defaulted claim may not be reviewed by a federal court unless the petitioner can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, or if he can show that the constitutional violation has resulted in the conviction of one who is "actually innocent." *Rivas v. Fischer*, 687 F.3d 514, 540 (2d Cir. 2012); *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (internal quotation and citations omitted). The actual innocence prong is referred to as the fundamental miscarriage of justice exception. *Rivas, supra*. "Cause" exists if "the prisoner can show that some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice exists if there is a "reasonable probability" that the result of the proceeding would have been different absent the alleged constitutional violation. *Stickler v. Greene*, 527 U.S. 263, 289 (1999).

## C.     Adequate and Independent State Ground Doctrine

A federal judge may not issue a writ of habeas corpus if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-85 (1977). A federal habeas court generally will not consider a federal issue if the last state court decision to address the

issue "'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)) (emphasis added). This rule applies whether the independent state law ground is substantive or procedural. *Id*. When the independent and adequate state ground supporting a habeas petitioner's custody is a state procedural default, additional concerns come into play. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Whitley v. Ercole,* 642 F.3d 278, 286 (2d Cir. 2011) (quoting *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir.1999) ("[P]rocedural default in the state court will . . . bar federal habeas review when the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.") (internal quotation marks omitted)).

There are certain situations in which the state law basis for decision will not be considered "adequate": (1) where failure to consider a prisoner's claims will result in a "fundamental miscarriage of justice," *Coleman*, 501 U.S. at 750; (2) where the state procedural rule was not "'firmly established and regularly followed,'" *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991); *James v. Kentucky*, 466 U.S. 341, 348-349 (1984); and (3) where the prisoner had "cause" for not following the state procedural rule and was "prejudice[d]" by not having done so. *Wainwright v. Sykes*, 433 U.S. at 87. In certain limited circumstances, even firmly established and regularly followed rules will not prevent federal habeas review if the application of that rule in a particular case would

be considered "exorbitant."  *Garvey v. Duncan*, 485 F.3d at 713-14 (quoting *Lee v. Kemna*, 534 U.S. at 376).

In order to find that the application of a generally sound rule is exorbitant, the court considers (1) whether the alleged procedural violation was actually relied upon by the state court and whether perfect compliance with the state rule would have changed the court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner "substantially complied" with the rule given the realities of trial and whether demanding perfect compliance with the rule would serve a legitimate governmental interest.  *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003).

## III.  Analysis of Petitioner's Claims

### A.  Specific Performance of an Off-the-Record Plea Deal

Petitioner claims that the prosecutor failed to fulfill a promise made in the course of plea bargain discussions.  Allegedly, petitioner was assured that in return for his surrender of several illegal firearms to law enforcement, he would be "afforded the opportunity to take a pre-indictment plea to a definite sentence of [one] year."  (Pet. at 4).  Relying on this agreement, petitioner apparently directed his family to hand over certain firearms in their possession.  Petitioner was nevertheless indicted, and he was later offered a plea deal on the record, however the deal was for three to seven years of imprisonment, with five years of post-release supervision.  (SR 315-17).  Petitioner

rejected this offer and confirmed his understanding that there were no further plea bargains.  (*Id.*).  Throughout the state court proceedings and appeals, the government maintained that the purported one-year plea offer was never made.  (SH 11; SR 466). For the following reasons, the court recommends that habeas relief be denied with respect to this claim.

At the outset, petitioner's claim is not subject to federal habeas review.  It is undisputed that petitioner never actually plead guilty as a result of this, or any other, plea offer.  His conviction was the result of a two day jury trial.  Thus, the handful of cases cited by petitioner are inapplicable, as they contemplate situations where a guilty plea has been induced, and placed on the record, only to be followed by an unfulfilled promise from the government.  *See People v. Curdgel*, 83 N.Y.2d 862 (1994);  *People v. McConnell,* 49 N.Y.2d 340 (1980); *People v. Bonville,* 69 A.D.3d 1223 (3d Dep't 2010).  Under such circumstances, the defendant's admission of guilt, coupled with the government's failure to act, rendered the plea agreement valueless, and specific performance of the promise was contemplated as the only alternative in which justice could be applied.  Otherwise stated, these cases recognized circumstances in which merely vacating a guilty plea would not make a defendant whole again, or return him to his pre-plea status.

The facts in this case differ dramatically from those described above.  Petitioner complains that a deal discussed during plea negotiations was not honored, however he

provides no evidence that such an offer was ever proposed by the prosecutor, much less agreed upon.[2]  Petitioner also concedes that the terms of the alleged offer were never approved by the court.  Petitioner's family apparently surrendered various firearms to law enforcement sometime prior to trial, however it is undisputed that these weapons were not related to petitioner's pending criminal charge, and clearly had no bearing on his guilt or innocence.

The Supreme Court has recognized that a plea bargain, standing alone, is without constitutional significance, and does not deprive an accused of liberty or any other constitutionally protected interest.  *See Mabry v. Johnson*, 467 U.S. 504, 507 (1984), *disapproved on other grounds in Puckett v. United States*, 556 U.S. 129, 138 (2009); *see also U.S. v. Pena*, 55 Fed. App'x 595, 596 (2003) ("A criminal defendant has no enforceable rights in an unexecuted plea agreement.").  "It is the ensuing guilty plea that implicates the Constitution."  *Mabry*, 467 U.S. at 507-08.  Here, because petitioner's conviction was the result of a jury trial, and not a guilty plea, he has failed to present an adequate federal basis for his habeas claim.  Accordingly, the district court should deny petitioner's request.

---

[2]The state record contains a December 30, 2013 fax cover sheet from prosecuting assistant district attorney ("ADA") Kurt Haas, directed to petitioner's attorney at the time, Ms. Rhodes.  (SR 27).  Handwritten notes, presumably taken by Ms. Rhodes, appear on the cover sheet, indicating that someone from the Albany Police Department came to jail to discuss a potential gun trade with petitioner.  (*Id.*).  ADA Haas denied that he wrote such notes or made any such promises to petitioner regarding a gun trade.  (SH 11).

Moreover, petitioner's claim for federal habeas review is barred to the extent that the state court's decision as to this issue rests on an independent and adequate state law ground.  As previously discussed, the Appellate Division rejected petitioner's argument on this issue, finding that the trial court did not abuse its discretion in denying petitioner's CPL § 440.10 motion without a hearing.  In its decision, the Appellate Division relied on *Benjamin S. v. Kuriansky,* 55 N.Y.2d 116 (1982).  In *Benjamin S.*, the New York Court of Appeals held that

> off-the-record promises made in the plea bargaining process will not be recognized where they are flatly contradicted by the record, either by the existence of some on-the-record promise whose terms are inconsistent with those later urged or by the placement on the record of a statement by the pleading defendant that no other promises have been made to induce [the] guilty plea.

*Id.* at 120.  The Appellate Division proceeded to apply the law as set forth in *Benjamin S.* to the underlying record, concluding that the alleged off-the-record promise was not enforceable under New York standards.  *Malloy*, 152 A.D.3d at 972–73.  Thus, the Appellate Division's determination rested on an adequate and independent state ground, and petitioner's claim should be denied as barred from federal review.  *See United States v. U.S. Currency in the Amount of $228,536.00,* 895 F.2d 908, 914 (2d Cir. 1990) (recognizing New York precedent that "off-the record promises made by the government in exchange for a guilty plea are not enforceable" as basis for rejecting petitioner's request for habeas review).

17

### B.    Unlawful Traffic Stop and Vehicle Search

Petitioner contends that his Fourth Amendment rights were violated by Officer Forgea's illegal traffic stop, and the incriminating evidence obtained as a result should have been suppressed.  (Pet. at 4).  As respondent correctly points out, petitioner's claim is foreclosed by *Stone v. Powell*, 428 U.S. 465 (1976).  Pursuant to *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief[.]" 428 U.S. at 482; *see also Graham v. Costello*, 299 F.3d 129, 133-34 (2d Cir. 2002). The bar created by the Supreme Court in *Stone* "applies to all Fourth Amendment claims, including claims of illegal stops, arrests, searches, or seizures based on less than probable cause[.]" *McCray v. Capra*, No. 9:15-CV-1129(JSK), 2017 WL 3836054, at *6 (N.D.N.Y. Aug. 31, 2017) (citing *Cardwell v. Taylor*, 461 U.S. 571, 572-73 (1983)).  The only requirement under *Stone* is that the state provide a petitioner the opportunity to litigate his Fourth Amendment claim.  *McPhail v. Warden, Attica Corr. Facility*, 707 F.2d 67, 69-70 (2d Cir. 1983). Therefore, habeas review is only available: "(a) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Hirsh v. McArdle*, 74 F. Supp. 3d 525, 532-533 (N.D.N.Y. 2015) (quoting *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir.

1992)).

The Second Circuit has recognized that New York provides adequate procedures to redress Fourth Amendment violations. *See Capellan*, 975 F.2d at 70 n.1; *see also Blake v. Martuscello*, No. 10-CV-2570, 2013 WL 3456958, at *5 (E.D.N.Y. July 8, 2013) (finding that the Second Circuit has explicitly approved New York's procedure for litigating Fourth Amendment claims).  Petitioner has not asserted the existence of an unconscionable breakdown of that process, nor has he alleged any facts that would demonstrate such a breakdown in this case.  *See Capellan,* 975 F.2d at 72 (A "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process[.]").  Petitioner cannot, therefore, successfully challenge, on habeas review, the legality of his traffic stop or the subsequent vehicle search, and this court recommends denying petitioner relief on this basis.

### C.    Notice Violation

Petitioner also contends that he is entitled to habeas relief because of the state's failure to provide a supporting deposition pursuant to New York CPL § 100.25.[3]  (Pet. at 5).  Specifically, petitioner challenges the absence of a supporting deposition relative

---

[3]Pursuant to New York Criminal Procedure Law § 100.25, a defendant charged by a simplified information is entitled as a matter of right to a supporting deposition of the complainant police officer setting forth "reasonable cause to believe that the defendant committed the offense or offenses charged." NY CPL § 100.25(2). If the deposition is not timely filed, then dismissal of the charges may be sought. *Id.*

to the uniform traffic ticket he received for "running a red light," the infraction which constituted the basis for Officer Forgea's traffic stop. (TT 168-71). At his bail application hearing, petitioner rebuked his attorney for not obtaining a copy of the supporting deposition. (SR 295). At the suppression hearing, Officer Forgea testified that she "believed" she gave petitioner a supporting deposition, but noted that it would have been provided after petitioner's arrest was processed. (SH 20). At trial, the court rejected petitioner's request to dismiss the indictment, or, in the alternative, issue an adverse inference instruction, based on the lack of a supporting deposition. (TT 255-57). The court specifically noted the lack of proof that petitioner ever properly requested a supporting deposition, noting that such documents "aren't prepared unless requested." (*Id.*).

On its face, petitioner's habeas claim raises an issue grounded in state law – whether the police failed to comply with the terms of CPL § 100.25. Such a claim does not present a federal question cognizable on habeas corpus review, and warrants dismissal on that basis alone. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also, e.g., Blond v. Graham*, No. 9:12-CV-1849(JKS), 2014 WL 2558932, at *13 (N.D.N.Y. June 6, 2014) (petitioner's claim that the trial court failed to comply with CPL § 270.35, a New York statute governing jury discharge and replacement during trial, did not present a basis for habeas corpus review).

To the extent petitioner challenges the failure to produce a supporting deposition of the underlying traffic violation as a violation of his federal rights, this argument also fails.  The Sixth Amendment provides, in pertinent part, that "[i]n all prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." *U.S. Const. amend*.  The Sixth Amendment right of the accused to reasonable notice of the charges against him is made applicable to the states by the Fourteenth Amendment.  *Mildwoff v. Cunningham*, 432 F.Supp. 814, 817 (S.D.N.Y.1977) ("As the Supreme Court has recently stated, because the rights guaranteed to criminal defendants through the sixth amendment, including the right ' "to be informed of the nature and cause of the accusation" . . . are basic to our adversary system of criminal justice, they are part of the "due process of law" that is guaranteed by the Fourteenth Amendment to defendants in the criminal courts of the States.'") (quoting *Faretta v. California*, 422 U.S. 806, 818 (1975)).  "A due process claim in a federal habeas petition alleging that a state prisoner was unable, based on lack of notice in the indictment, to adequately prepare his defense resulting in actual prejudice is largely one of state law, subject only to the general Fourteenth Amendment guarantees of due process." *Gainey v. Murray*, No. 05-CV-0532, 2010 WL 1544112, at *4 (W.D.N.Y. Apr. 16, 2010) (other citations omitted).  Thus, "[t]he sufficiency of a state indictment cannot form the basis for the issuance of a writ of habeas corpus unless the indictment falls below basic constitutional standards." *Id.* (citing *Carroll v. Hoke*, 695

F.Supp. 1435, 1438 (E.D.N.Y.1988)).

Here, petitioner does not argue that he received inadequate notice of his felony charge, the conviction from which he presently seeks habeas relief.  Instead, petitioner's "notice" argument applies to the underlying traffic stop made pursuant to an alleged violation of New York Vehicle & Traffic Law § 1110(A).  The record does not indicate if or how the traffic ticket was resolved, but it is clear that plaintiff's current incarceration is not the result of a conviction for violating the NY V&TL.  Nor was it incumbent on the state to convict petitioner under the NY V&TL in order to charge and convict him of the weapons possession charge.  As previously discussed, petitioner was afforded the opportunity to challenge the legality of the traffic stop and subsequent search of his vehicle in state court.  After holding a suppression hearing on this issue, the court  found that Officer Forgea had probable cause to stop petitioner's vehicle and search the car.  (SH 37-39).

Accordingly, petitioner fails to establish that the Appellate Division's decision rejecting petitioner's arguments relative to the supporting deposition was contrary to, or involved an unreasonable application of, clearly established federal law.  Petitioner does not provide any Supreme Court authority holding that a criminal defendant's right to adequate notice is violated by the prosecution's failure to produce a requested supporting deposition, prepared in conjunction with the traffic citation that formed the basis for the stop, ultimately leading to the recovery of an illegal weapon.  *See Kennard*

*v. Connolly*, No. 9:10-CV-1562 (JKS), 2014 WL 1028880, at *2 (N.D.N.Y. Mar. 14, 2014) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006) ("Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law.") (internal quotations omitted)).  Nor has petitioner shown that the state court decision was based on an unreasonable determination of the facts.  For all the reasons stated above, the court recommends that petitioner's habeas claim as it relates to the government's failure to produce a supporting deposition be denied.

### D.    Prosecution's Failure to Disclose *Brady* and *Rosario* Material

As an alternative ground for habeas relief, petitioner claims that the prosecution withheld *Brady* and *Rosario* material, specifically (1) video and/or audio recordings relative to the events leading up to petitioner's arrest, including radio transmissions and "dashcam" video; and (2) a supporting deposition pursuant to CPL § 100.25.  (Pet. at 6).  Petitioner contends that the state was obligated to disclose such material, and its failure to do so prejudiced his defense at trial.  (*Id.*).

With respect to petitioner's argument pursuant to *Rosario*, this claim is based on state law, and thus is not cognizable on federal habeas review.  *See Danford v. Graham*, No. 9:12-CV-0201 (JKS), 2014 WL 1412492, at *7 (N.D.N.Y. Apr. 11, 2014) ("Federal Courts in New York have consistently held that a *Rosario* claim is a matter of state law not cognizable on habeas review.") (citing, inter alia, *Landy v. Costello*, No. 97–2433,

1998 WL 105768, at * 1 (2d Cir. Mar. 9, 1998) (petitioner's *Rosario* claim is a matter of state law rather than federal law)).  To the extent petitioner has asserted a *Rosario* claim here, that claim should be denied.

*Brady,* however, implicates a criminal defendant's federal due process rights, thus the court must proceed to consider petitioner's *Brady* claim.  Because petitioner sufficiently exhausted this claim, the court reviews it under the AEDPA standards.

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Information falling within the scope of the *Brady* rule includes "not only evidence that is exculpatory, i.e., going to the heart of the defendant's guilt or innocence, but also evidence that is useful for impeachment, i.e., having the potential to alter the jury's assessment of the credibility of a significant prosecution witness." *U.S. v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). The prosecution's obligation to make *Brady* disclosures, however, is limited to evidence that is "material." *Avellino*, 136 F.3d at 256 (citing *U.S. v. Bagley*, 473 U.S. 667, 678 (1985)). "[F]avorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been

24

different.' " *U.S. v. Gilley*, 279 Fed. App'x 19, 25-26 (2d Cir. 2008) (quoting *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995)). Therefore, "evidence is material if it 'could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.' " *Poventud v. City of New York*, 750 F.3d 121, 156 (2d Cir. 2014) (quoting *Kyles*, 514 U.S. at 435).

Turning first to the supporting deposition, it is the petitioner's burden to establish that the prosecution actually failed to disclose favorable evidence, in violation of *Brady. United States v. Payne,* 63 F.3d 1200, 1208 (2d Cir. 1995).  As previously discussed, petitioner has provided no proof that a supporting deposition was actually prepared in this instance, much less that petitioner properly requested one in the first place.  In response to petitioner's request at trial that the supporting deposition be considered *Brady* material, the court asked for proof that petitioner had timely requested the same.  (T.  110-11).  Petitioner was unable to provide any proof of a timely request.  (*Id.*).  In the absence of any such support for petitioner's claim that the prosecution failed to disclose such evidence, this court cannot conclude that the Appellate Division's rejection of petitioner's claim was contrary to, or an unreasonable application of federal law, as established by *Brady*.  *Shaw v. Sup't, Eastern Correc. Facility,* 9:11–CV–887 (JKS), 2012 WL 4854643, at *5, 7 (N.D.N.Y. Oct. 11, 2012) (given the lack of evidence supporting petitioner's contention that a recording of his interrogation ever existed, he is not entitled to habeas relief on a substantive *Brady*

claim or on any related ineffective assistance of counsel claim).

Next, the court turns to the missing video recordings and audio transmissions. Even though petitioner couched these issues as *Brady* violations, his claim "really involves the loss or destruction of evidence," which "poses problems slightly different from *Brady*." *United States v. Bakhtiar*, 994 F.2d 970, 975 (2d Cir. 1993). As such, "a due process claim arising in these circumstances should be treated as a claim for loss or destruction of evidence rather than as a *Brady* claim." *United States v. Tyree*, 279 Fed. App'x 31, 33 (2d Cir. 2008). "Destruction of evidence by the government only rises to a constitutional violation when three requirements are met: (1) the government must have acted in bad faith in destroying the evidence; (2) the 'evidence must . . . possess an exculpatory value that was apparent before [it] was destroyed'; and (3) the defendant must be 'unable to obtain comparable evidence by other reasonably available means.' " *United States v. Hunley*, 476 Fed. App'x 897, 898-99 (2d Cir. 2012) (citing *United States v. Tyree*, 279 Fed. App'x at 33); *see also Clark v. Capra*, No. 14 Civ. 2507, 2017 WL 4685298 at *10 (S.D.N.Y. June 22, 2017), *report and recommendation adopted*, 2017 WL 4685104 (S.D.N.Y. Oct. 17, 2017).

Here, petitioner is not entitled to federal relief because he cannot show that the government destroyed any dashcam videos or audio transmissions in bad faith. *See United States v. Greenberg*, 835 F.3d 295, 303 (2d Cir. 2016) ("[W]hile *Brady v. Maryland* . . . teaches that good or bad faith is irrelevant when the Government

suppresses or fails to disclose material exculpatory evidence, when the Government

has, instead, failed to preserve evidentiary material that is 'potentially useful,' such

failure does not violate due process unless a criminal defendant can show bad faith on

the part of the Government.") (internal quotations omitted).  The video capability in

Officer Forgea's vehicle was programmed to activate when she turned on her lights.

(TT 149-50).  The audio recording was programmed to activate by manually turning on

the microphone.  (*Id.*).  At trial, Officer Forgea testified that on the night in question,

she turned on her lights when she pulled petitioner's vehicle over, and manually

activated the microphone as she approached petitioner's minivan.  (*Id.*).  Nevertheless,

when Officer Forgea later attempted to secure the video and audio footage, the police

department was unable to produce it, impliedly due to a technological issue.  There is

no evidence that the video and audio footage was destroyed or lost in bad faith; on the

contrary, Officer Forgea took customary measures to ensure that both would be

available and preserved.  Nor is there any evidence that the radio transmissions relevant

to petitioner's traffic stop were intentionally destroyed.

In light of the circumstances, petitioner's counsel sought an adverse inference

charge with respect to the destroyed evidence, which was presented to the jury prior to

deliberation.  (T 7, 257-58).  At no point throughout the trial did petitioner advance

support that this evidence was destroyed in bad faith.

Based on the foregoing, petitioner has not shown that the state courts' decision

regarding the missing, lost or destroyed evidence was an unreasonable application of

clearly established federal law, or was based on an unreasonable determination of the

facts. I therefore recommend that petitioner's claim for habeas relief be denied with

respect to this issue.

### E.    Ineffective Assistance of Trial Counsel

Petitioner presently maintains that his trial counsel was ineffective in (1) failing

to notify the court of an off-the-record plea offer from the government; (2) failing to

argue that *Brady/Rosario* material was withheld from the defense; (3) failing to argue

that petitioner's right to a speedy trial was violated; (4) failing to conduct an

independent investigation of petitioner's vehicle "as it relates to [Fourth] Amendment

violations"; and (5) failing to argue that the government provided inadequate notice

under NY CPL §§ 100.25(2) and 100.40. (Pet. at 5). Respondent argues that

petitioner's claims are "mostly procedurally barred," and in any event should be

dismissed on the merits.

In his direct appeal to the Appellate Division, petitioner raised the following

ineffective assistance of counsel claims in a brief prepared by appellate counsel Jack

Weiner, as well as in his own pro se supplemental brief: (1) trial counsel failed to notify

the court that an off-the-record plea offer had been made, and should be enforced; (2)

trial counsel failed to argue that the government did not prove the element of intent; (3)

trial counsel failed to file any pre-trial motions; (4) trial counsel failed to object to

testimony regarding petitioner's prior bad acts and crimes, and (5) trial counsel failed to preserve petitioner's right to a speedy trial. (SR 54-83, 427-58).

As previously discussed, the Third Department Appellate Division discussed petitioner's ineffective assistance of counsel claim in its decision. Although the court did not specifically identify each sub-claim advanced on appeal, the Appellate Division rejected the totality of petitioner's ineffective assistance of counsel claim on the merits. *Malloy*, 152 A.D.3d at 971.

Petitioner's request for leave to appeal to the Court of Appeals was also prepared by appellate attorney Mr. Weiner. In his request for leave, petitioner raised the following arguments: (1) petitioner is entitled to specific performance of an off-the-record plea agreement, as petitioner was placed in a "no return position" when he acted in reliance on the purported offer; and (2) petitioner's right to be present during any material stage of the trial was violated when the trial court failed to properly inform him of this right. *Id.* As discussed, petitioner's request for leave to appeal to New York's highest court was denied on October 2, 2017. (SR 505).

Petitioner proceeded to file a motion for writ of error coram nobis on his own behalf, arguing the ineffective assistance of appellate counsel. Among other arguments, petitioner maintained that appellate counsel failed to raise trial counsel's ineffective assistance of counsel relative to (1) petitioner's request for a supporting deposition; (2) failure to pursue petitioner's pro se speedy trial motion; (3) failure to

demand an *Outley* hearing and otherwise investigate the validity of an off-the-record plea agreement; (4) failure to call witnesses to the traffic stop and arrest; (5) delaying the investigation of potentially available video or dashcam evidence; (6) failure to prepare witnesses adequately; (7) failure to demand "a reopening of the suppression hearing[;]" (8) failure to raise prosecutorial misconduct relative to the alleged off-the-record plea agreement; and (9) failure to raise certain issues regarding the prosecution's *Rosario/Brady* violation. (SR 587-622).

The Appellate Division denied petitioner's motion for writ of error coram nobis. (SR 707). Petitioner then sought leave to appeal to the Court of Appeals, which was denied. (SR 708-13).

Petitioner's submissions on appeal in state court were unorganized, lacking structure and focus in many respects. As such, the court questions whether petitioner adequately exhausted many of his ineffective assistance of counsel claims in order to trigger an analysis under the AEDPA standards. In any event, even assuming that the majority of the ineffective assistance of counsel claims have been sufficiently exhausted, they are easily disposed of on the merits.

The relevant federal law governing ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). To succeed on a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth in *Strickland.* First, the defendant must show that counsel's

performance was deficient.  "This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth amendment." *Hudson v. New York,* No. 07-CV-1327, 2007 WL 3231970, at *2–3 (E.D.N.Y. Oct. 30, 2007) (citing *Strickland v. Washington,* 466 U.S. at 687).  Under this prong, "[j]udicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland v. Washington,* 466 U.S. at 689 (internal quotation marks and citations omitted).

Second, the defendant must satisfy the prejudice prong set forth in *Strickland* by showing that any deficiencies in counsel's performance actually prejudiced the defendant.  *Id.* at 692–93.  To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  In making the determination whether the specific errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694.

Upon review of an habeas petition claiming ineffective assistance of counsel,

31

"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard.  Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction[.]"  *Paige v. Lee*, 99 F. Supp. 3d 340, 345 (E.D.N.Y. 2015) (quoting *Harrington v. Richter,* 562 U.S. 86 (2011)).  Therefore, to the extent a habeas petitioner must show both that counsel's performance was unreasonable and that the state court's decision to the contrary was unreasonable, a "doubly deferential" standard of judicial review applies to ineffective assistance of counsel claims analyzed under 28 U.S.C. § 2254(d)(1).  *Santana v. Capra*, 284 F. Supp. 3d 525, 538 (S.D.N.Y. 2018) (citing *Knowles v. Mirzayance,* 556 U.S. 111 (2009)).

The court will address each of petitioner's ineffective assistance of trial counsel claims in turn.

### 1.    Failure to Notify the Court of an Alleged Off-the-Record Plea Agreement

Petitioner contends that trial counsel should have notified the trial court of the previously discussed, off-the-record plea agreement, and was ineffective for failing to do so.  However, petitioner's claim is at odds with his own factual representations in state court.  In his pro se supplemental brief to the Appellate Division, petitioner argued that the alleged offer was made "in front of Albany City Court Judge William A.

Carter."[4]  (SR 435, 438).  Moreover, the record makes clear that the trial court was

aware of petitioner's position regarding the alleged plea offer.  Judge Breslin found no

merit to petitioner's request to enforce the same, despite petitioner's repeated efforts to

raise the issue prior to trial. (SR 294-95, 749-50).  Finally, this court has already

determined that the off-the-record plea agreement was unenforceable in state court.

Because petitioner has failed to show that counsel's performance was deficient in this

regard, his claim is meritless and the state court's rejection of petitioner's ineffective

assistance of counsel claim on this basis was not an unreasonable application of

*Strickland.*

### 2.    Failure to Argue *Brady/Rosario* Violations

Petitioner next contends that trial counsel failed to raise the alleged

*Brady/Rosario* violations previously set forth in this report and recommendation.  This

court has already determined that petitioner's substantive *Brady/Rosario* claims are

baseless.  Because the underlying claims are without merit, counsel cannot be found

ineffective for failing to raise them at the trial level.  *See Rogers v. Artuz*, Nos.

00–CV–2718 (JBW), 03–MISC–0066 (JBW), 2003 WL 21817490, at *8 (E.D.N.Y.

July 7, 2003) (rejecting petitioner's ineffective assistance of trial counsel claim because

underlying *Brady* claim was without merit).

In any event, petitioner's factual allegations are again unfounded.  At trial,

---

[4]The transcripts from this proceeding were not included in the state court record.

petitioner's counsel argued that the *Rosario/Brady* material, specifically video footage, audio transmissions, and a supporting deposition, were improperly withheld and/or destroyed. (TT 6-7, 255-57). Counsel argued that the state should be sanctioned as a result of these violations, requesting either dismissal or an adverse inference instruction. (TT 255-57). The court ultimately submitted an adverse inference instruction with respect to the video and audio evidence. (*Id.*). Because the record blatantly contradicts petitioner's claim that counsel failed to raise the alleged *Brady/Rosario* violations at trial, his ineffective assistance of counsel claim should be rejected.

### 3. Failure to Assert Speedy Trial Claim

Petitioner asserts that trial counsel "failed to argue speedy trial," despite an alleged timeliness issue.[5] The record before this court indicates otherwise. At petitioner's suppression hearing held on June 13, 2014, the court acknowledged receiving a pro se speedy trial motion from petitioner. (SH 3). Petitioner's counsel at the time, Mr. Mansion, adopted the motion and requested that the court accept it for review. (*Id.*). The court, "after careful consideration of [the] motion," denied it. (*Id.*). Petitioner cannot now reasonably claim that counsel was deficient for failing to assert his speedy trial rights.

---

[5]Petitioner was arrested on October 25, 2013. His trial commenced on July 1, 2014.

### 4.    Failure to Conduct an Independent Investigation of Petitioner's Vehicle

Petitioner contends that counsel should have investigated petitioner's vehicle "as it relates to [Fourth] Amendment violations." (Pet. at 5). This vague argument was not advanced by petitioner in either of his appellate briefs to the Third Department, his request for leave to appeal to the Court of Appeals, nor his motion for writ of error coram nobis; it is raised for the first time in petitioner's habeas corpus petition. As such, petitioner has failed to exhaust this sub-claim of ineffective assistance of counsel.

Petitioner's unexhausted claim should be deemed exhausted but procedurally defaulted, because petitioner has no state-court forum in which to raise it. Petitioner has already perfected the state court appeal to which he is entitled, and he cannot properly present his claim in a § 440.10 motion because it is record based, and could have been raised on direct appeal. Thus, this court must determine whether cause and prejudice exists as a result of the procedural bar, or if the failure to consider petitioner's claim will result in a "fundamental miscarriage of justice."

Petitioner advances no cause for his default, or prejudice attached thereto. There is nothing in the record to suggest that plaintiff was precluded from appealing his attorney's allegedly deficient representation in state court relative to the investigation of his vehicle. Nor has petitioner alleged that appellate counsel was ineffective for failing to raise this issue. Furthermore, petitioner has not come forward with new

evidence tending to demonstrate that he is factually innocent, and so cannot fulfill the requirements of the "fundamental miscarriage of justice" exception. Accordingly, petitioner's claim on this basis is subject to an unexcused procedural default, and should be dismissed.

### 5. Failure to Argue Inadequate Notice as to Deposition Summary

Last, petitioner contends that his trial counsel failed to argue that the people provided inadequate notice of his NY V&TL violation under CPL §§ 100.25 and 100.40. (Pet. at 5). Petitioner's factual allegations are patently contradicted by the state court record. Prior to trial, petitioner's counsel specifically advised the court of the prosecution's failure to produce a supporting deposition to the defense. (TT 6). In light of this missing evidence, counsel requested that the court sanction the prosecution and dismiss the indictment entirely. (TT 255-56). Alternatively, counsel sought an adverse inference charge as it related to the deposition summary. (*Id.*). The court denied counsel's requests on both accounts. Nevertheless, and despite petitioner's present contentions, counsel clearly pursued this argument at trial. Furthermore, and as previously discussed, this court does not find that the government's failure to provide (or prepare) a supporting deposition constitutes a meritorious basis to seek habeas relief. Accordingly, petitioner's claim on this basis should be denied.

### F.     Improperly Admitted Evidence Violating Petitioner's Right
to a Fair Trial

Last, petitioner alleges that the prosecution should have been precluded from

offering certain evidence at trial, specifically: (1) Officer Forgea's testimony that she

viewed marijuana cigarettes in the vehicle's ashtray; and (2) the portion of petitioner's

arrest report referencing a prior misdemeanor conviction.  (Pet. at 6).

Petitioner's claim relative to the marijuana cigarettes is nonsensical.  Petitioner

argues that Officer Forgea should have been precluded from testifying that she

observed marijuana cigarettes in the vehicle's ashtray, because "no reference to

marijuana was made available in the police report or in the people's *Molineux*[6] proffer,

or otherwise previously disclosed to the defense."  (*Id.*).  These allegations are wholly

unsupported by the record.  Petitioner's arrest report was read to the jury at trial after

being admitted into evidence without objection.  The arrest report stated, in part: "The

defendant did knowingly and unlawfully have in his possession and under his control in

plain view, located in the ashtray cup and center console, two marijuana cigarettes.

Said marijuana was identified by the complainant. . . ." (TT 178).  Accordingly,

petitioner's present contention – that Officer Forgea's trial testimony confirming her

observation that there were marijuana cigarettes in the ashtray was improper – finds no

---

[6]The court assumes petitioner is referring to the government's proffer to admit certain of
petitioner's prior felony convictions at the June 13, 2014 *Sandoval/Ventimiglia* Hearing.  (SVH 13-18).

factual support in the record, and should be rejected as a basis for habeas relief.

Petitioner's second contention is also meritless. Defense counsel introduced petitioner's arrest report at trial. (TT 172-75). As he was laying the foundation to admit the document, the prosecutor requested a sidebar conference. At that time, the prosecutor specifically advised the court and defense counsel that the arrest report referenced petitioner's prior conviction for misdemeanor petit larceny. (TT 172-73).[7] Defense counsel explained that he was seeking to introduce the arrest report in order to show the absence of any reference that Officer Forgea smelled marijuana emanating from petitioner's vehicle. (*Id.*). The arrest report was ultimately received into evidence at the request of defense counsel, and without objection by the government. (TT 174-75). After it was received, Officer Forgea confirmed that the arrest report narrative did not state that she smelled marijuana. (TT 175-76). Upon redirect the prosecutor asked Officer Forgea to read the arrest report's narrative to the jury in its entirety, which, in addition to reflecting Officer Forgea's visual observation that petitioner possessed marijuana, referenced petitioner's misdemeanor conviction for petit larceny in another town, two days earlier. (TT 178-79). Defense counsel did not object to Officer Forgea's testimony.

As previously discussed, petitioner's often incoherent arguments call into

---

[7]Notably, the prosecution did not seek to introduce any of petitioner's prior misdemeanor convictions during the *Sandoval/Ventimiglia* hearing, limiting their inquiry to petitioner's numerous prior felony convictions. (SVH 14).

question whether he "fairly presented" this claim in each appropriate state court.  This court need not further address the exhaustion question here, however, because petitioner's application "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Rosado v. McCulloch*, No. 9:-16CV-1422(TJM/CFH), 2018 WL 7960305, at *4 (N.D.N.Y. Sept. 26, 2018), *report and recommendation adopted*, 2019 WL 1542862 (N.D.N.Y. Apr. 9, 2019) ("Federal district courts, however, have the discretion to dismiss unexhausted claims on the merits if the claims are 'plainly meritless' or 'patently frivolous.'").

Petitioner argues that the court violated *People v. Molineux,* 168 N.Y. 264 (1901), in admitting evidence of his prior misdemeanor conviction.  "A decision to admit evidence of a criminal defendant's uncharged crimes or bad acts under *Molineux* constitutes an evidentiary ruling based on state law." *Sheehan v. Perez,* No. 14-CV-6477, 2015 WL 7756106, at *5 (E.D.N.Y. Dec. 1, 2015) (quoting *Sierra v. Burge*, No. 06-CV-14432, 2007 WL 4218926, at *5 (S.D.N.Y. Nov. 30, 2007) (internal citations omitted)). "For the admission of evidence by a state trial court to constitute a ground for habeas relief, a petitioner must demonstrate that the alleged evidentiary error violated an identifiable constitutional right . . . . For an evidentiary error to rise to the level of a constitutional violation, the petitioner has to show that the alleged error was so prejudicial that it deprived him of a fundamentally fair trial." *Id.* (internal quotation

marks and citations omitted). "For an erroneous admission of . . . unfairly prejudicial evidence to amount to a denial of due process, the item must have been sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *Id.* (internal quotation marks and citations omitted) (ellipses in original).

Here, petitioner has made no showing that the reference to his prior misdemeanor conviction was so prejudicial that it denied him a fundamentally fair trial. This is especially true considering the nature of the petit larceny conviction compared to the scope of his charged felony, as well as the strong evidence of petitioner's guilt presented throughout the trial. Accordingly, petitioner's request for habeas relief on the ground of a *Molineux* violation is meritless and should be denied.

It appears that petitioner has abandoned his state court claim that defense counsel was ineffective for admitting the arrest report in the first place, and/or failing to object to Officer Forgea's testimony conveying the contents of the arrest report. To the extent petitioner intended this claim be considered on habeas review, it does not amount to a *Strickland* claim. Counsel elected to introduce the arrest report at trial in an effort to impeach Officer Forgea's testimony that she smelled an odor of marijuana as she approached petitioner's vehicle – an observation that was not memorialized in her arrest report. (TT 172-73). It is well settled that "actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance of

counsel." *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005). Thus, "in case after case, [the Second Circuit has] declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox or downright ill-advised." *Loliscio v. Goord*, 263 F.3d 178, 195 (2d Cir. 2001). Here, because counsel's actions were grounded in strategy that advanced the defense's theory of the case, they cannot serve as the basis for an ineffective assistance of counsel claim on habeas review.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated:        September 17, 2020

Andrew T. Baxter
U.S. Magistrate Judge